IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (PHILLIPS/SHIRLEY) |
| JAMES O. ROWANS, II, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on December 9, 2008, for a hearing on the government's sealed motion [Doc. 428] regarding the status of the defendant's detention, which was referred [Doc. 429] to the undersigned on December 5, 2008. See 28 U.S.C. § 636(b). Assistant United States Attorney David C. Jennings represented the government. Attorney G. Scott Green appeared on behalf of the defendant, who was also present.

The government requested the defendant's release pending his April 24, 2009 sentencing hearing pursuant to 18 U.S.C. § 3143(a). It noted that the defendant, who was initially placed on release on conditions [Doc. 114] by the undersigned pending trial, entered a change of plea before District Court Judge Thomas W. Phillips on February 25, 2008 [Doc. 288]. At the conclusion of that hearing, Judge Phillips remanded the defendant into custody pending his sentencing. Although nothing in the record reflects Judge Phillips' basis for placing the defendant into custody, the parties represented to the Court that Judge Phillips did so because detention is generally statutorily

1

mandated for felony drug convictions. The government argued that the defendant's case now fell within an exception to that statute for extraordinary circumstances. It asserted that, because the retrial of Defendant Johnnie Martin and the trial of Defendants Aaron Brooks and Lashonda Hall have been continued multiple times, Defendant Rowans is in danger of serving his entire potential sentence under the sentencing guidelines range of twelve to eighteen months before his sentencing hearing. The government maintained that the defendant was not dangerous and had complied with his conditions of release prior to his change of plea.

Defense counsel argued that he did not argue for the defendant's release at his change of plea hearing because the defendant anticipated that he would have to spend some time in incarceration and that his sentencing hearing would occur in three months. He stated that at the sentencing hearing, he intended to argue that the defendant qualified for a variance in the sentencing guidelines. Defense counsel proposed that if released pending sentencing, the defendant would live with his parents, which is where he lived before entering his change of plea and while on pretrial release. He stated that the defendant is a hard worker and has a limited criminal history, involving a couple of misdemeanors in the 1990's. The defendant's parents were present in the courtroom, and they agreed that the defendant could live with them again. They also confirmed that they would contact the Court if the defendant failed to comply with any of the conditions of his release. The defendant stated that he was a member of the carpenters' union and that he planned to resume doing carpentry jobs in the commercial building field if he were released. He said that in addition to his parents, he also had a sister and three children in Knoxville.

2

A person's release or detention pending sentencing is governed by 18 U.S.C. § 3143(a), which requires that a person awaiting sentencing be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" This Court has already found that the defendant qualified for release on conditions prior to his change of plea. Although the defendant apparently qualified for mandatory detention at the time of his change of plea hearing, the government now argues that exceptional circumstances exist because the defendant could serve his entire sentence, as projected by the sentencing guidelines, before his April 24, 2009 sentencing hearing. The Court finds that such exceptional reasons exist in this case in that the codefendants' trials, at which the defendant could testify, have been continued past the date that the defendant will have potentially served his entire sentence. In other words, if the defendant were to remain in detention pending his sentencing, he would reap no benefit from any potential cooperation and arguably serve more time than his actual sentence. The Court agrees with the government's assertion that such a circumstance would be unfair and contrary to the pursuit of justice.

The Court also finds that the defendant meets the conditions for release set forth in section 3143(a)(1) because it finds by clear and convincing evidence that the defendant is not likely to flee or to pose a danger to any one person or to the community. See 18 U.S.C. § 3143(a)(1). Accordingly, the government's sealed motion [**Doc. 428**] regarding the status of the defendant's

detention is **GRANTED**. The Court **ORDERS** that the defendant be released pending his sentencing hearing on **April 24, 2009**, on the same conditions of release that the Court had previously imposed.[1]

        **IT IS SO ORDERED.**

                                                      ENTER:

                                                      s/ C. Clifford Shirley, Jr.
                                                      United States Magistrate Judge

---

[1]The Court notes the unusual posture of this case in which it is asked to overturn the District Court's order on detention, but the District Court specifically referred [Doc. 429] this non-dispositive matter to the undersigned. The District Court's referral appears to validate the statements of the attorneys for the defendant and the government that the District Court detained the defendant as a matter of course and without contemporaneous objection by the defendant because all involved assumed that this matter would be resolved in very short order (which assumption turned out to be inaccurate).